**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KARL LANDES,  CASE NO.:

     Plaintiff,

vs.

BARCLAYS BANK DELAWARE,  <u>DEMAND FOR JURY TRIAL</u>

     Defendant,
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, KARL LANDES (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, BARCLAYS BANK DELAWARE, (hereafter "Defendant"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.   Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.   Plaintiff is an individual residing in Pinellas County, Florida.

5.   Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.   Defendant is a nationally chartered bank as registered with the Delaware Department of State, Division of Corporations.

7.   Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

8.   Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.   The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to a Barclaycard, Account No. ending in -8676

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. Plaintiff revoked any prior express consent for Defendant to contact Plaintiff via cell phone or any other form of communication on September 23, 2016, through a facsimile transmission to Defendant's facsimile no. 866-823-8178.

13. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

14. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the name of the attorney representing Plaintiff and the contact information for the law firm.

15. Plaintiff is the regular user and carrier of the cellular telephone number ending in  -3158 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

16. Defendant knowingly and/or willfully called Plaintiff cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on September 23, 2016.

17. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

18. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to four (4) times per day after Plaintiff gave Defendant unequivocal notice to cease any and all calls to Plaintiff's cellular telephone.

19. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

20.     The following phone number, including, but not limited to, 866-408-4070, is a phone number Defendant used to call Plaintiff's cellular telephone.

21. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

22. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

23. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

24. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

25. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

27. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

28. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

29. Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

30. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

31. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

32. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

33. Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified in writing not to contact Plaintiff and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, KARL LANDES, demands judgment against Defendant, BARCLAYS BANK DELAWARE, for the following relief:

a.   any actual damages sustained by Plaintiff as a result of the above allegations;

b.   statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.   pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.   in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.   any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

34. Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

35. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

36. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

37. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, KARL LANDES, demands judgment against Defendant, BARCLAYS BANK DELAWARE, for the following relief:

a. any actual damages sustained by Plaintiffs as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff(s) whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

39. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

40. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

41. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

42. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, KARL LANDES, demands judgment against Defendant, BARCLAYS BANK DELAWARE, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
KARL LANDES


Date: _11_/_21_/_17_                    **BOSS LAW**


/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**